Argued and submitted February 3, reversed and remanded on appeal, affirmed on cross-appeal August 6, 1986

## HORIZON AVIATION, INC.,
*Respondent - Cross-Appellant,*

*v.*

## CAM,
*Appellant - Cross-Respondent.*

(81-8-34; CA A34625)

722 P2d 1291

J. Michael Alexander, Salem, argued the cause for appellant - cross-respondent. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

William G. Earle, Portland, argued the cause for respondent - cross-appellant. On the brief were Patrick N. Rothwell and Hallmark, Griffith & Keating, Portland.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is an action for property damage arising out of defendant's rental of an aircraft from plaintiff. The issue is whether the trial court erred in directing a verdict for plaintiff, based on its interpretation that the contract was unambiguous and that, therefore, a jury question was not raised.

Defendant purchased a package of flying lessons from plaintiff. The lessons were supposed to extend through his solo flight. Student pilots were not required to buy insurance when accompanied by the instructor but were required to obtain coverage before the solo flight. Defendant testified that he was never told of the need to purchase insurance. He never did purchase insurance. After student pilots had completed their lessons, they flew under standard rental agreements prepared by plaintiff. Defendant signed such an agreement and was operating an aircraft under the contract when he was involved in an accident while landing at a nearby airport. The plane incurred $11,724.98 damages.

After the crash, defendant was told that there was no insurance coverage, because he had landed at an unauthorized airport, and he would therefore have to pay. Nevertheless, plaintiff's insurance company paid the damage, less a $500 deductible. Because the plane was not returned in the same condition in which defendant had received it, plaintiff filed an action pursuant to a loan receipt issued by the insurance company and was granted a partial summary judgment on the issue of liability, and that is not an issue. The issue at trial was whether plaintiff was responsible for the entire damage to the plane or only for that not covered by insurance. The trial court, in granting plaintiff's motion for directed verdict, held defendant liable for the entire damage to the aircraft.

Defendant appeals, assigning as error the trial court's granting of the directed verdict. Plaintiff cross-appeals, contending that the trial court erred by not awarding it attorney fees.

■■ The relevant portions of the rental agreement provide:

"(2) I will return the aircraft at the agreed time, weather permitting, and will return it in the same condition that I received it, normal wear and tear excepted.

"* * * * *

"(11)   I agree to pay owner for any deductibles or losses not covered by owner's insurance policies and for any loss or damage to the aircraft caused in whole or in part by my failure to comply with the above, or by my negligence and I agree to, and do hereby indemnify owner against any liability to other persons, and any costs, damages, loss or attorney fees, arising in connection with this agreement or with my use of the aircraft."

Generally, the interpretation of a contract is a question of law for the court, but if its provisions are ambiguous and there is extrinsic evidence introduced, its meaning becomes a question of fact for the jury. *Meskimen v. Larry Angell Salvage Company,* 286 Or 87, 93, 592 P2d 1014 (1979).

We view the language in paragraph (11) as ambiguous and therefore creating a factual question. An ambiguity exists if a contract is capable of more than one reasonable interpretation. *Oakridge Cablevision v. First Interstate Bank,* 65 Or App 640, 673 P2d 532 (1983). Paragraph (2) requires the pilot to return the plane in an undamaged condition. Paragraph (11) says that the pilot must pay for losses not covered by the owner's insurance and for "failure to comply with the above," which presumably refers to paragraph (2). Paragraph (11) also requires him to pay for damages that result from his negligence. That language implies that defendant is responsible not only for damages not covered by the owner's insurance but for all damages. Clearly, that cannot be the case. It is unclear when he is liable for all damages to the plane and when he would be liable only for losses not covered by insurance.

There was also evidence introduced at trial to prove the parties' understanding of the meaning of the contract. Following the crash, defendant stated that he had no insurance and would pay the damages. Similarly, plaintiff's representatives stated that defendant would have to pay, because there was no insurance coverage. That would indicate that they all construed the agreement to mean that defendant would only be liable if there was *no* insurance coverage. We conclude that, because the contract is ambiguous and there was evidence of the parties' contemporaneous interpretation, the trial court erred by directing a verdict for plaintiff. The jury should have been allowed to resolve the factual question.

In its cross-appeal, plaintiff contends that the trial court erred by not awarding attorney fees. Because of our resolution of the contract question, we need not address the issue.

Reversed and remanded on appeal; affirmed on cross-appeal.