Argued and submitted November 9, reversed and remanded December 21, 1988, reconsideration denied February 10, petition for review denied March 7, 1989
(307 Or 514)

GUINN,
*Appellant,*

*v.*

AVIA GROUP INTERNATIONAL, INC.,
*Respondent.*

(87-0821C; CA A47618)

766 P2d 421

Thomas A. Davis, Portland, argued the cause for appellant. With him on the briefs was Smith & Davis, Portland.

Margaret Fiorino, Portland, argued the cause for respondent. With her on the brief was Miller, Nash, Weiner, Hagar & Carlsen, Portland.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff brought this action to recover the value of stock options granted plaintiff by defendant and appeals from a summary judgment in favor of defendant. We reverse and remand.

In August, 1986, Avia Group International, Inc. (Avia), hired plaintiff as its executive vice-president and chief financial officer. His compensation included participation in Avia's stock option plan. On February 4, 1987, plaintiff resigned as executive vice-president and chief financial officer, but he remained with Avia as a consultant until September 4, 1987.

In March, 1987, defendant was acquired by Reebok International, Ltd. (Reebok). The merger agreement required that all unvested stock options then outstanding and granted to Avia's personnel were to be accelerated immediately and either redeemed for cash or exchanged for options in Reebok stock. Plaintiff contends that his stock option was outstanding and unvested at the time of the merger, that it should have been accelerated and that he is entitled now to have his option redeemed. Defendant contends that, as a matter of law, plaintiff's stock option was terminated automatically when he resigned as executive vice-president and chief financial officer of Avia.

Defendant relies on this language in the option agreement:

> "If the Optionee's employment or consulting or contractual relationship shall terminate for any reason other than death, permanent physical disability or cause as described below, the Optionee may exercise the option to the extent that the Optionee is entitled to do so on the date of the termination of *employment or consulting or contractual relationship,* at any time, or from time to time, within three months of the date of termination of employment or consulting or contractual relationship." (Emphasis supplied.)

Defendant argues that termination from any one of the three employment relationships automatically terminates the employe's stock option. Plaintiff argues that all three types of employment relationships must terminate before the stock option ends. He maintains that his shift from one category of

employment to another, without a break in employment, did not trigger the provision.

■ Both plaintiff's and defendant's interpretations of the contract provision are reasonable. When a contract provision is capable of more than one reasonable interpretation, it is ambiguous as a matter of law. If a contract is ambiguous, the court must admit evidence relating to the intent of the parties, which is a question of fact. *Horizon Aviation v. Cam,* 80 Or App 577, 722 P2d 1291 (1986); *Deerfield Commodities v. Nerco,* 72 Or App 305, 317, 696 P2d 1096 (1985).

■ Because a factual issue remains regarding the intent of the parties, we hold that the trial court erred in granting summary judgment for defendant.

Reversed and remanded.