482

Argued and submitted July 25, 1997, affirmed on appeal; reversed and remanded in part on cross-appeal; otherwise affirmed February 11, 1998

EAM ADVERTISING AGENCY, INC.,
dba Budget Rent a Car,
*Respondent - Cross-Appellant,*

*v.*

Cleriton HELIES,
*Appellant - Cross-Respondent,*

*and*

Junien RANIS,
*Defendant.*

(96C-10354; CA A94886)

954 P2d 812

Brett Anderson, certified law student, argued the cause for appellant - cross-respondent. On the brief were Timothy B. O'Neill and O'Neill, Evans, Swogger & Cowan.

Clayton C. Patrick argued the cause and filed the brief for respondent - cross-appellant.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals a trial court ruling that a loss damage waiver that he purchased as part of a rental car agreement does not apply to relieve him of liability for damages to the rental car after the car was taken by a nonauthorized driver and damaged in an accident. Plaintiff cross-appeals, claiming that the trial court erred in not awarding it damages for the diminished value of the vehicle and attorney fees. We affirm on the appeal and reverse, in part, on the cross-appeal.

The facts are undisputed and were presented to the court by stipulation. Defendant rented a car from plaintiff for the purpose of allowing his girlfriend, Enica Alik, to use it to drive to Seattle. Alik was listed as an authorized driver in the rental agreement. As part of the agreement, defendant purchased a "loss damage waiver" (LDW). The purpose of the LDW was to relieve the renter of liability for loss or damage to the rented car, except as provided in the agreement. The agreement specified that the LDW was not insurance.[1] The

---

[1] The rental agreement provided, in part:

"**NOTICE: LOSS DAMAGE WAIVER (LDW)** — IF RENTER DECLINES LDW, RENTER WILL BE RESPONSIBLE FOR FULL VALUE (OR OTHER AMOUNT WRITTEN ABOVE) OF ANY LOSS OF OR DAMAGE TO THE VEHICLE INCLUDING LOSS OF USE AND RELATED EXPENSES, REGARDLESS OF FAULT. IF RENTER ACCEPTS LDW, RENTER WILL NOT BE RESPONSIBLE FOR SUCH LOSS OR DAMAGE, **EXCEPT AS PROVIDED IN PARAGRAPH 7, ON THE REVERSE SIDE. LDW IS NOT INSURANCE. RENTER[']S OWN INSURANCE MAY COVER ALL OR PART OF SUCH LOSS OR DAMAGE.** RENTER SHOULD CHECK WITH HIS INSURER TO DETERMINE THE AMOUNT OF COVERAGE PROVIDED FOR PERSONAL INJURY AND LOSS OF OR DAMAGE TO THE VEHICLE DUE TO THEFT, VANDALISM OR COLLISION DAMAGE.

"\* \* \* \* \*

"[Paragraph] 7. **LOSS OF/DAMAGE TO VEHICLE AND LOSS OF USE:** Renter is responsible for the full value (or other amount written on the reverse side) of any loss or damage, including lost rental revenue due to loss of use and related costs and expenses, even if LOSS DAMAGE WAIVER (LDW) has been accepted; If renter or any authorized driver:

"A) Breaches any provisions of this Agreement, or

"B) Allows an unauthorized driver to operate the Vehicle, or

"C) Fails to report theft, vandalism or any accident to the renting location and police authority within 24 hours.

"Acceptance of LDW does not cover damages to any other vehicle owned or in control of Renter. Acceptance of LDW does not cover loss of vehicle due to theft. Renter is responsible for the control of vehicle at all times."

rental period was from October 12, 1995, until October 17, 1995.

Alik shared a house with Junien Ranis. On October 14, 1995, Ranis took the rental car without Alik's permission.[2] While driving the rental car, Ranis failed to stop at a red light and collided with another vehicle. Alik did not tell defendant about the accident. Plaintiff learned of the accident from the police and thereafter notified defendant.[3]

█   The dispositive issue is whether the trial court erred when it interpreted the term "allows" as used in the LDW to include the factual events to which the parties had stipulated. Defendant argues that the term is ambiguous, because both parties offered the court conflicting but reasonable interpretations of it, *see Guinn v. Avia Group International,* 94 Or App 560, 563, 766 P2d 421 (1988), *rev den* 307 Or 514 (1989), and, accordingly, that the court was required to construe it in his favor, because plaintiff had drafted the agreement. *See Heinzel v. Backstrom,* 310 Or 89, 96, 794 P2d 775 (1990). Plaintiff responds that the term is not ambiguous when read in the context of the entire agreement. We agree with plaintiff.

█   In construing a contract, the role of the court "is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted." ORS 42.230. It is undisputed that Ranis took the car without permission from either Alik or defendant, but our analysis does not end there, as defendant argues it must. Rather, we must examine the text of the disputed provision in the context of the whole document, so that we may understand the substance of it. *Yogman v. Parrott,* 325 Or 358, 361, 937 P2d 1019 (1997). "Allows" is not defined in the agreement. The common meaning of "allow" is

---

(Emphasis in original.)

[2] At trial, defendant's counsel stated that Ranis had taken the keys from Alik's purse while she slept. Plaintiff objects to our consideration of that information because it was not included in the stipulation. Our analysis is unaffected by the information, so we need not consider it.

[3] The sequence of notification was not included in the original stipulation of facts. At trial, plaintiff moved to amend the stipulation to include the fact that defendant had not notified plaintiff of the accident within 24 hours of it.

"to permit * * * by way of concession [or] by neglecting to restrain or prevent." *Webster's Third New International Dictionary* 58 (unabridged ed 1993). Defendant contends that the first definition is the appropriate one, while plaintiff argues for the latter.

The agreement provides that

"[a]cceptance of LDW does not cover damages to any other vehicle owned or in control of Renter. *Acceptance of LDW does not cover loss of vehicle due to theft. Renter is responsible for the control of vehicle's use at all times.*"

(Emphasis supplied.) Plaintiff argues that the inclusion of the provisions on theft and on defendant's responsibility for control of the vehicle indicate a recognition that there could be instances in which an unauthorized driver might operate the vehicle through the renter's failure to prevent it, and further indicate an unwillingness by plaintiff to assume responsibility for any loss or damage occurring as a result. We agree with that analysis and conclude that the LDW does not relieve defendant of liability for damage to the car in this case, where Alik allowed Ranis to take the car by failing to prevent it from happening.[4]

■ We turn to plaintiff's cross-appeal. Plaintiff first argues that the trial court erred in not awarding it damages for the diminished value of the car, because uncontroverted evidence of diminished value had been submitted. We disagree.

As support for its claim for diminished value, plaintiff submitted an affidavit from the manager of the rental car affiliate from which defendant had rented the car. In that affidavit, the manager said:

"After the major damage from the accident, the value of the car was diminished considerably. The diminished value provided to me and used in the lawsuit was $3,000. The diminished value was other than the normal depreciation occurring in the aging use of a vehicle in the rental business."

---

[4] Because we agree with the trial court's interpretation of the LDW, we need not address plaintiff's alternate ground for affirmance.

Plaintiff offered no other evidence on value. The affidavit provides no information as to how the stated figure was reached, or even where the figure came from—only that it "was provided to [affiant]." On this record, we decline to say that the trial court erred in refusing to award damages for diminished value.

■ Plaintiff's second assignment of error on cross-appeal is that the trial court erred in refusing to award it reasonable attorney fees. The rental agreement provides that "Renter will pay on demand all charges due under" the agreement and that "Renter will pay any collection costs, including reasonable attorney's fees, if all charges are not paid when due." It further provides in paragraph 7 that

> "Renter is responsible for the full value * * * of any loss or damage, including lost rental revenue due to loss of use and related costs and expenses[.]"

The trial court construed those provisions to require defendant to pay collection costs and attorney fees only for recovery of ordinary rental charges and not for recovery of extraordinary charges, such as damage or loss under paragraph 7 of the agreement. We question that construction, because paragraph 7 makes defendant responsible for any loss or damage caused by unauthorized use of the vehicle, and the amount of the loss or damage would appear to be a charge that defendant is required to pay on demand under the agreement, entitling plaintiff to recover the attorney fees that it incurs to collect it. We need not resolve that issue, however, because the parties stipulated that the prevailing party is entitled to recover its attorney fees.

The parties stipulated that, "[p]ursuant to the terms of the rental [a]greement, the prevailing party is entitled to the reimbursement of the costs and reasonable attorney fees incurred." The only charges at issue in this case were those related to Ranis' nonauthorized use of the car. Hence, by entering into the stipulation, the parties agreed that the prevailing party is entitled to recover its attorney fees in it. Accordingly, the trial court erred in not awarding attorney fees to plaintiff.

Affirmed on appeal. Reversed and remanded on cross-appeal to award plaintiff reasonable attorney fees; otherwise affirmed.